No. 20-6603
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

THERL TAYLOR,

                              Plaintiff-Appellee,

versus

WARDEN LEVERN COHEN,
INDIVIDUALLY AND/OR IN HIS
OFFICIAL CAPACITY AS WARDEN OF
RIDGELAND CORRECTIONAL INSTITUTION

                              Defendant-Appellant,

and

SOUTH CAROLINA DEPARTMENT OF
CORRECTIONS

                              Defendant.

On Appeal from the United States District Court
for the District of South Carolina, Rock Hill Division
The Honorable Joseph F. Anderson, Jr.

## SUPPLEMENTAL OPENING BRIEF OF
## APPELLANT WARDEN LEVERN COHEN

| | |
|---|---|
| Carmen V. Ganjehsani | Drew Hamilton Butler |
| RICHARDSON, PLOWDEN & ROBINSON, PA | RICHARDSON, PLOWDEN & ROBINSON, PA |
| Post Office Drawer 7788 | 235 Magrath Darby Boulevard |
| Columbia, South Carolina 29202 | Suite 100 |
| (803) 771-4400 | Mt. Pleasant, South Carolina 29464 |
| cganjehsani@richardsonplowden.com | (843) 805-6550 |
| | dbutler@richardsonplowden.com |

**ATTORNEYS FOR APPELLANT**

# CORPORATE DISCLOSURE STATEMENT

Pursuant to FED. R. APP. P. 26.1 and Local Rule 26.1, Appellant Warden Levern Cohen makes the following disclosures:

1. Is the party/amicus a publicly held corporation or other publicly held entity?

    [ ] YES [X] NO

2. Does party/amicus have any parent corporations?

    [ ] YES [X] NO

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?

    [ ] YES [X] NO

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?

    (Local Rule 26.1(b))

    [ ] YES [X] NO

5. Is a party a trade association?

    [ ] YES [X] NO

6. Does this case arise out of a bankruptcy proceeding?

    [ ] YES [X] NO

7. Is this a criminal case in which there was an organizational victim?

    [ ] YES [X] NO

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF THE SUPPLEMENTAL ISSUES ............................................ 1

PROCEDURAL HISTORY RELEVANT TO THE
STATEMENT OF THE SUPPLEMENTAL ISSUES ............................................ 1

ARGUMENT ........................................................................................................ 5

    I. Warden Cohen properly preserved for appellate review the issue of qualified immunity where his objections to the U.S. Magistrate Judge's Report and Recommendation reasonably alerted the District Court that he was contesting whether the evidence could support, as a matter of law, a constitutional violation of Appellee Taylor' Eighth Amendment rights because a plaintiff's failure to establish a constitutional violation implicates qualified immunity ........................................................ 5

    II. This Court, in the alternative, should review the District Court's qualified immunity determination in the interests of justice ......................................... 9

CONCLUSION ................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**  **PAGE**

Arakas v. Comm'r, Soc. Sec. Admin.,
   983 F.3d 83 (4th Cir. 2020)......................................................................................9

Gould v. Davis,
   165 F.3d 265 (4th Cir. 1998)....................................................................................7

Hunter v. Bryant,
   502 U.S. 224 (1991)................................................................................................10

Mitchell v. Forsyth,
   472 U.S. 511 (1985)................................................................................................10

Saucier v. Katz,
   533 U.S. 194 (2001)..................................................................................................6

United States v. Midgette,
   478 F.3d 616 (4th Cir. 2007)....................................................................................8

**STATUTES**

42 U.S.C. § 1983............................................................... 1, 2, 3, 4, 5, 7, 8, 10, 11

# STATEMENT OF THE SUPPLEMENTAL ISSUES

I. Warden Cohen properly preserved for appellate review the issue of qualified immunity where his objections to the U.S. Magistrate Judge's Report and Recommendation reasonably alerted the District Court that he was contesting whether the evidence could support, as a matter of law, a constitutional violation of Appellee Taylor' Eighth Amendment rights because a plaintiff's failure to establish a constitutional violation implicates qualified immunity.

II. This Court, in the alternative, should review the District Court's qualified immunity determination in the interests of justice.

# PROCEDURAL HISTORY RELEVANT
# TO THE STATEMENT OF THE SUPPLEMENTAL ISSUES

Appellee Therl Taylor filed an action against Appellant Levern Cohen, who serves as the warden of Ridgeland Correctional Institution, in his individual capacity, raising an Eighth Amendment failure to protect claim under 42 U.S.C. § 1983. Appellee Taylor asserts he was assaulted by other inmates at the Ridgeland Correctional Institution and that Warden Cohen acted with deliberate indifference by allowing uncontrolled violence in the correctional institution, allowing inmates to have dangerous weapons, and by failing to provide protection and security to the inmates. Appellee Taylor further alleges that his attack occurred when there was no correctional officer on duty on his wing. There was no allegation that Warden Cohen specifically knew that Appellee Taylor would be attacked.

Warden Cohen moved for summary judgment on Appellee Taylor's claims, arguing, in part, that he was entitled to qualified immunity on the § 1983 Eighth Amendment claim asserted against him in his individual capacity because he did not

1

violate any clearly established constitutional rights of which a reasonable person would have known because Appellee Taylor did not prove that Warden Cohen knew of a risk to his individual safety and disregarded that risk. Warden Cohen further argued that Appellee Taylor's reliance upon the general conditions of the correctional institution at which he was housed could not satisfy the deliberate indifference prong of an Eighth Amendment failure to protect claim. Finally, Warden Cohen additionally asserted that he could not be liable for any § 1983 violation under a theory of supervisor liability. [J.A. 1440-44; 1446-48; 1450-53.]

In the Report and Recommendation, the U.S. Magistrate Judge recommended the denial of summary judgment as to Appellee Taylor's § 1983 Eighth Amendment claim brought against Warden Cohen in his individual capacity. [J.A. 1496; 1544; 1552.] The U.S. Magistrate Judge recognized that Appellee Taylor's Eighth Amendment claims were based not upon a specific risk to Appellee Taylor which was known by Warden Cohen, but upon general uncontrolled violence in the correctional institution, weapon possession by inmates, and the alleged failure of guards to follow prison policies under Appellee Taylor's theory of supervisor liability. [J.A. 1533.] The U.S. Magistrate Judge, however, rejected the argument by Warden Cohen that these facts could not rise to the level of a constitutional violation as required for liability under § 1983. [J.A. 1538-43.] Based upon the U.S. Magistrate Judge's analysis that the evidence presented by Appellee Taylor could

establish a constitutional violation, the U.S. Magistrate Judge also concluded that Warden Cohen was not entitled to qualified immunity. [J.A. 1544.] The U.S. Magistrate Judge's ruling as to qualified immunity was subsumed under its general analysis recommending the denial of summary judgment on the § 1983 Eighth Amendment failure to protect claim. [Id.]

Thereafter, Warden Taylor objected to the U.S. Magistrate Judge's Report and Recommendation, in part, on the basis that he was not deliberately indifferent to Appellee Taylor's Eighth Amendment rights or liable under a supervisory theory of liability. [J.A. 1554.] Warden Taylor objected to the analysis employed by the U.S. Magistrate Judge in reaching her recommendation of the denial of summary judgment on the § 1983 Eighth Amendment claim, which was the same analysis underscoring the recommendation for the denial of qualified immunity. [J.A. 1558-62.] Warden Cohen's objection included his argument that Warden Cohen's general notice of the prison conditions could not rise to the level of deliberate indifference to constitute a constitutional violation. [J.A. 1561-62.]

The District Court adopted the U.S. Magistrate Judge's recommendation that Warden Cohen's motion for summary judgment on the § 1983 failure to protect claim should be denied, which included the U.S. Magistrate Judge's recommendation that Warden Cohen was not entitled to qualified immunity. [J.A. 1574-75; 1581; 1593-94.] The District Court ruled that the U.S. Magistrate Judge

3

did not impose any improper standard for finding the evidence as presented by Appellee Taylor could rise to the level of a constitutional violation. [J.A. 1586-89.]

Warden Cohen appealed to this Court the denial of his motion for summary judgment on his claim of entitlement to qualified immunity as to Appellee Taylor's cause of action under § 1983 for an Eighth Amendment failure to protect violation arguing:

> A. Appellee Taylor failed to establish that Warden Cohen was deliberately indifferent to his health and safety where (1) Warden Cohen did not subjectively know of any particular risk to the health and safety of Appellee Taylor and then disregarded that risk; and (2) Appellee Taylor's reliance upon the general conditions of the correctional institution cannot meet the requirements for a showing of deliberate indifference.
>
> B. Appellee Taylor failed to establish supervisory liability of Warden Cohen for his Eighth Amendment failure to protect claim because he did not present any evidence that any subordinate of Warden Cohen violated any of his constitutional rights or were anything more than allegedly merely negligent which does not rise to the level of a constitutional violation.
>
> C. Warden Cohen is entitled to the grant of qualified immunity where he, acting within his discretion as the warden of a correctional institution, did not violate any clearly established constitutional rights of Appellee Taylor.

On October 20, 2022, this Court ordered the parties to submit supplemental briefing on the following issue: Whether Warden Cohen waived appellate review of the District Court's qualified immunity determination by failing to specifically object to the U.S. Magistrate Judge's finding on that issue.

4

# ARGUMENT

**I.  Warden Cohen properly preserved for appellate review the issue of qualified immunity where his objections to the U.S. Magistrate Judge's Report and Recommendation reasonably alerted the District Court that he was contesting whether the evidence could support, as a matter of law, a constitutional violation of Appellee Taylor' Eighth Amendment rights because a  plaintiff's failure to establish a constitutional violation implicates qualified immunity.**

The issue on appeal as to whether Warden Cohen is entitled to qualified immunity on Appellee Taylor's Eighth Amendment failure to protect claim is preserved for appeal.  The U.S. Magistrate Judge recommended to the District Court that summary judgment be denied as to Appellee Taylor's § 1983 Eighth Amendment claim brought against Warden Cohen in his individual capacity. [J.A. 1496; 1544; 1552.]  In making that recommendation, the U.S. Magistrate Judge opined that the evidence presented by Appellee Taylor, including the level of prior assaults, weapon confiscation, and failure to train and supervise the prison staff, could show that Warden Cohen was deliberately indifferent and thus violated Appellee Taylor's constitutional rights. [J.A. 1538-43.]

Based upon this analysis, the U.S. Magistrate Judge recommended, as a part of its overall recommendation that summary judgment be denied on the Eighth Amendment failure to protect claim, that Warden Cohen not be entitled to qualified immunity as well because the evidence presented by Appellee Taylor could possibly establish a constitutional violation by Warden Cohen. [J.A. 1544.] The

recommendation that qualified immunity be denied to Warden Cohen was part and parcel of the U.S. Magistrate Judge's recommendation that summary judgment be denied on the Eighth Amendment claims of Appellee Taylor.

Warden Cohen timely submitted objections to the U.S. Magistrate Judge's Report and Recommendation and disputed the U.S. Magistrate Judge's recommendation that summary judgment be denied as to Appellee Taylor's claims for violation of the Eighth Amendment. [J.A. 1554; 1558-62.] Warden Cohen objected to the underpinnings of the U.S. Magistrate Judge's analysis in recommending the denial of Warden Cohen's motion for summary judgment on the Eighth Amendment claim, including its misconstrued reliance upon the Roth Report and the undue weight given to Appellee Taylor's expert. [J.A. 1560-62.] Warden Cohen further objected on the basis that the U.S. Magistrate Judge improperly concluded that Warden Cohen's general notice of the prison conditions and the evidence presented by Appellee Taylor as to those conditions could support a claim for a constitutional violation under the Eighth Amendment. [J.A. 1561-62.]

The U.S. Magistrate Judge's recommendation for the denial of qualified immunity was based upon the same analysis to which Warden Cohen filed objections. [J.A. 1538-44.] To determine whether qualified immunity is appropriate, courts must consider "whether a constitutional right would have been violated on the facts alleged." Saucier v. Katz, 533 U.S. 194, 200 (2001). The U.S. Magistrate Judge

had determined in recommending the denial of summary judgment on the Eighth Amendment claim that Appellee Taylor could state a claim for a constitutional violation on the facts alleged and evidence he presented and thus also recommended the denial of qualified immunity for the same reasons. Warden Cohen's objection to this analysis applied to the U.S. Magistrate Judge's recommendation that he was not entitled to qualified immunity as well where the U.S. Magistrate Judge's recommendation that the District Court deny Warden Cohen's motion for summary judgment on the Eighth Amendment claim encompassed the issue of qualified immunity.

In its Order denying Warden Cohen's motion for summary judgment on Appellee Taylor's § 1983 Eighth Amendment claim against Warden Cohen in his individual capacity, the District Court recognized that Warden Cohen had asserted qualified immunity to which the U.S. Magistrate Judge had recommended be denied. [J.A. 1581.] The District Court then adopted the U.S. Magistrate Judge's recommendations on the Eighth Amendment claim in full and rejected the objections of Warden Cohen. [J.A. 1574-75; 1593-94.] Warden Cohen has now appealed the denial of qualified immunity based upon the "disputed legal inferences" arising from the facts alleged and evidence presented by Appellee Taylor. See Gould v. Davis, 165 F.3d 265, 269 (4th Cir. 1998).

This Court has held "that to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). As explained above, Warden Cohen did object to the U.S. Magistrate Judge's analysis underlying its recommendation for denial of the motion for summary judgment on Appellee Taylor's claim under § 1983 for an Eighth Amendment constitutional violation and its corresponding opinion that Warden Cohen that was not entitled to qualified immunity. The basis of Warden Cohen's argument was that the evidence presented by Appellee Taylor did not, as a matter of law, establish that Warden Cohen violated Appellee Taylor's Eighth Amendment constitutional rights because the evidence did not rise to the level of deliberate indifference. If, as a matter of law, Appellee Taylor cannot establish a constitutional violation, even considering the evidence in the light most favorable to him, then Warden Cohen is entitled to qualified immunity.

Warden Cohen's objection reasonably alerted the District Court that he believed the U.S. Magistrate Judge incorrectly determined that Appellee Taylor had presented sufficient evidence to establish a constitutional violation. This necessarily includes whether Warden is entitled to qualified immunity. Therefore, Warden

8

Cohen did not waive appellate review of the District Court's qualified immunity determination.

**II.     This Court, in the alternative, should review the District Court's qualified immunity determination in the interests of justice.**

If this Court determines that Warden Cohen did not sufficiently object to the U.S. Magistrate Judge's recommendation that he was not entitled to qualified immunity, this Court, in its discretion and in the interests of justice, may nevertheless review the issue on appeal. Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 104 (4th Cir. 2020). In deciding whether to exercise its discretion in this regard, this Court considers factors such as "(1) whether both parties had ample opportunity to develop facts pertaining to the issue; (2) whether the issue is primarily a question of law; (3) whether the issue was briefed and argued on appeal; (4) whether the proper outcome is beyond doubt, rendering a remand pointless; and (5) whether a discretionary remand to the district court for consideration of the waived issue in the first instance would produce injustice for a party." Id. at 105.

Here, the parties amply developed the facts pertaining to the issue of qualified immunity in the lower court proceedings, the issue presented on appeal concerning qualified immunity is a question of law, the parties have both fully briefed the issue on appeal, and, as argued in Warden Cohen's Opening Brief previously filed with this Court on June 17, 2021 and in its Reply Brief filed on August 4, 2021, the District Court plainly erred in denying qualified immunity to Warden Cohen.

9

Additionally, Appellee Taylor did not argue in his Response Brief filed on July 14, 2021 that Warden Cohen had waived the issue of qualified immunity for appeal.

It is further in the interests of justice for this Court to determine whether Warden Cohen is entitled to qualified immunity because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 525 (1985). This privilege is lost if Warden Cohen is erroneously forced to stand trial. Id. Therefore, the Supreme Court of the United States has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam). In the interests of justice, this Court should review whether Warden Cohen is entitled to qualified immunity on Appellee Taylor's § 1983 claim for an Eighth Amendment failure to protect violation.

## **CONCLUSION**

For the foregoing reasons, Appellant Warden Cohen respectfully requests this Court to find that Warden Cohen did not waive appellate review of the District Court's qualified immunity determination or, in the alternative and in the interests of justice, nevertheless review whether the District Court erred in denying Warden Cohen qualified immunity as to Appellee Taylor's Eighth Amendment failure to protect claim under 42 U.S.C. § 1983.

                            Respectfully submitted,

                            /s Carmen V. Ganjehsani
                            Carmen V. Ganjehsani
                            RICHARDSON, PLOWDEN & ROBINSON, PA
                            Post Office Drawer 7788
                            Columbia, South Carolina 29202
                            (803) 771-4400
                            cganjehsani@richardsonplowden.com

                            Drew Hamilton Butler
                            RICHARDSON, PLOWDEN & ROBINSON, PA
                            235 Magrath Darby Boulevard, Suite 100
                            Mt. Pleasant, South Carolina 29464
                            (843) 805-6550
                            dbutler@richardsonplowden.com
                            **ATTORNEYS FOR APPELLANT**
                            **WARDEN LEVERN COHEN**

November 21, 2022.

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

No. 20-6603

**Caption**: Therl Taylor v. Warden Levern Cohen

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limits because, excluding the parts of the document exempted by FED. R. APP. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   [x]   this brief contains 2,361  words, *or*

   [ ]   this brief uses a monospaced typeface and contains _____ [state number of] lines

2. This brief complies with the typeface and type style requirements because:

   [x]   this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman in 14-point font; *or*

   [ ]   this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] with _____ [*identify font size and type style*].


/s Carmen V. Ganjehsani
Attorney for Appellant Warden Levern Cohen
Dated:  November 21, 2022.

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2022, I electronically filed the foregoing SUPPLEMENTAL OPENING BRIEF OF APPELLANT WARDEN LEVERN COHEN with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>James Edward Bell, III
>Gabrielle A. Sulpizio
>BELL LEGAL GROUP
>219 N. Ridge Street
>Georgetown, SC 29440
>E-mail: ebell@edbelllaw.com
>E-mail: gsulpizio@edbelllaw.com

>/s Carmen V. Ganjehsani
>Carmen V. Ganjehsani

November 21, 2022.